I respectfully dissent from the majority's decision on the First Assignment of Error. While I understand a reviewing court must make allowances when a judge is momentarily absent-minded in his choice of words, in this instance the lapse occurred three times. Moreover, not once did the judge correct his misstatement. Thus it is not clear that the court was aware that it was sliding between two categories, that is, what defendant was indicted for felonious assault of a police officer and what he pled guilty to failure to comply. The majority opinion resolves the misstatements partially by focusing on those instances in which the judge correctly described the plea, especially in the journal entry. While the journal entry carries great weight in this matter, so too does the very last statement a judge makes at sentencing. In this instance the court concluded its remarks with a reiteration of the erroneous statement.
I would send the matter back to give the trial court an opportunity to clarify not only the reasons for the court's sentence but also the nature of the plea for which defendant is being sentenced.